## STATE OF OREGON,
*Appellant,*

*v.*

## JAMES DREWS VASEY,
*Respondent.*

(B67-654; CA A38369)

723 P2d 1068

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

H. Thomas Evans, Eugene, argued the cause for respondent. With him on the brief was Evans & Armstrong, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

The issue in this case is whether the part of ORS 166.470[1] which prohibits the sale or transfer of a concealable firearm between nonlicensed persons when the purchaser is "not personally known" to the vendor is unconstitutionally vague. Defendant was indicted in the language of the statute for having sold and delivered a concealable pistol to a person not personally known to him when neither person had a license to sell firearms. Defendant demurred to the indictment on the vagueness ground.[2] The trial court entered an order sustaining the demurrer, and the state appeals.

The state argues that the statutory language at issue is not vague and that, alternatively, if the language is vague, it should be upheld by a narrowing interpretation.[3] The flaw of a vaguely worded criminal statute is that, by imprecisely defining criminal conduct the legislature impermissibly delegates to the police, judges and juries the power to decide whether

---

[1] ORS 166.470 provides:

"No person shall sell, deliver or otherwise transfer any pistol, revolver or other firearm capable of being concealed upon the person to any person whom he has cause to believe to be within any of the classes prohibited by ORS 166.270 from owning or possessing such firearms, nor to any minor under the age of 18 years. Such firearm shall not be delivered to the purchaser on the day of the application for its purchase, and when delivered it shall be securely wrapped and unloaded. *When neither party to the transaction holds a dealers' license, the vendor shall not sell or otherwise transfer any such firearm to any other person within this state who is not personally known to the vendor.* Violation of this section is a misdemeanor." (Emphasis supplied.)

[2] In the trial court and on appeal defendant claimed that the statute violates the Fourth and Fourteenth Amendments to the United States Constitution and "Article 20" of the Oregon Constitution. The Oregon Constitution has only 18 articles. Defendant undoubtedly is referring to Or Const, Art I, § 20, which provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Art I, § 20, is a proper basis for a vagueness challenge. *See, e.g., State v. Graves,* 299 Or 189, 195, 700 P2d 244 (1985).

[3] The state also argues that the indictment may be read as charging an offense, even if the language defendant challenges is excised. Its argument is that the gravamen of the offense stated by the third sentence of ORS 166.470 is the transfer of a concealable firearm between nonlicensed persons and that the fact that the purchaser is not personally known to the vendor is not an element of the crime, but rather provides an affirmative defense, *i.e.,* that the purchaser is personally known to the vendor. Because we conclude that the statute is not unconstitutionally vague, we need not address this argument.

conduct is punishable and invites unequal application of the penal laws. Vague statutes also fail adequately to apprise ordinary persons of what conduct is proscribed. *See State v. Robertson,* 293 Or 402, 408-09, 649 P2d 569 (1982). In some cases, a poorly worded statute may be upheld by judicial interpretation:

"When a statute is attacked as vague, for failing to define and communicate its coverage, the statute sometimes can be saved by a judicial interpretation that gives it the required definiteness. It is the court's obligation to do so when this can be done without departing too far from what the legislature sought to accomplish or what the statute itself can convey to a reader. But when such a saving construction cannot be attributed to the legislature with reasonable fidelity to the legislature's words and apparent intent, the statute is invalid as enacted, and it is immaterial whether the particular case in which it is challenged would be immune from a validly drawn law. * * *" *State v. Robertson, supra,* 293 Or at 411. (Footnote omitted.)

We agree with defendant that the phrase "not personally known to the vendor" does not, by itself, precisely indicate the degree or sort of knowledge of another person which the statute requires. We also think, however, that, when read in the context of the statutory scheme regulating the transfer of concealable firearms, the phrase may be interpreted so as to uphold and give effect to the legislature's purpose.

The first sentence of ORS 166.470 prohibits any person, including a licensed dealer and a nonlicensed person, from transferring a concealable firearm to any person whom the transferor "has cause to believe to be within any of the classes prohibited by ORS 166.270 from owning or possessing such firearms," that is, certain convicted felons. The statutes provide a means by which licensed dealers are to acquire that belief. They must enter in a register information regarding each sale of a concealable firearm, including the name, address, description and signature of the purchaser, and send a copy of the register sheet to the local police on the date of the sale. ORS 166.420. Before delivering a pistol or revolver, the dealer must wait 120 hours after the register entry is completed, ORS 166.430(3)(a), to allow time for the police to determine if the purchaser is a convicted felon. In addition, a

dealer may not deliver the weapon unless "[t]he purchaser either is *personally known* to the seller or presents clear evidence of his identity." ORS 166.430(3)(b). (Emphasis supplied.) That section requires the dealer to verify that the purchaser is who he claims to be to help ensure that the register entry is accurate and the police check is useful.

Nonlicensed sellers do not need to complete a register form and mail to the police or wait 120 hours before delivering a concealable weapon,[4] but they are still prohibited from selling to a person who they have cause to believe is a convicted felon. It is clear that by prohibiting a nonlicensed person from selling a concealable weapon to a person "not personally known to the vendor," the legislature intended that the nonlicensed vendor know the purchaser sufficiently well to have cause to believe that he is not a convicted felon.

██ ██  The requirement has two components. First, the vendor must know that the purchaser's represented identity is accurate to the same extent that a dealer would know by a purchaser's presenting "clear evidence of his identity." ORS 166.430(3)(b). That is the sense in which the phrase "personally known" is used in ORS 166.430(3)(b). Second, the vendor must "personally know" the purchaser to the extent that he could reasonably believe that the purchaser is not within a class of persons prohibited from owning or possessing a concealable firearm. The extent of knowledge of another person is not capable of exact specification, as in a period of time of acquaintance, but it is a concept which judges and juries are capable of applying on the basis of their experience.

The appellate department of a California Superior Court upheld a similar statute against a vagueness challenge in *People v. Bickston,* 91 Cal App 3d Supp 29, 154 Cal Rptr 409 (1979). There, the court stated:

> "The words used, 'personally known,' are not words of art or complicated in concept. Whether one 'knows' someone or not is an everyday phenomenon. Mere negotiation of a sale could not rationally be conceived of as giving personal knowledge of the buyer's identity. * * * Personal knowledge of the buyer by the casual seller is important to prevent sales to

---

[4] Nonlicensed sellers are still bound by the second sentence of ORS 166.470, which prohibits the delivery of a weapon "on the day of the application for its purchase."

persons prohibited by section 12021 from owning or possessing firearms when it is remembered that the casual seller does not have access to the Department of Justice registration system." 91 Cal App 3d Supp at 32-33.

We conclude that the statute as interpreted is not unconstitutionally vague in describing the prohibited conduct.

Reversed and remanded.