Argued and submitted June 12, affirmed September 6, 1989, reconsideration allowed
by opinion January 31, 1990
See 100 Or App 349 (1990)

CITY OF PORTLAND,
*Respondent,*

*v.*

LEVI,
*Appellant.*

(DA360279; CA A50617)

779 P2d 192

Garrett A. Richardson, Portland, argued the cause and filed the brief for appellant.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals her conviction for loitering to solicit prostitution. Portland City Code 14.24.050.[1] She assigns as error the trial court's denial of her motions for judgment of acquittal and arrest of judgment. We affirm.

Sometime after 11:00 p.m., a police officer, who was the only witness at trial, observed defendant standing with two other women near a street corner in an area that the officer characterized as a "high vice area" where a "lot of prostitutes" worked. In the past, defendant had admitted to the officer that she was a prostitute. The officer told the women to go home, which they agreed to do. Thereafter, the officer observed defendant and one of the other women approach a car that had pulled over to the curb after circling the block. Defendant spoke to the male driver, the car's sole occupant, for approximately two minutes. The car left and, about one minute later, a pickup truck with a male driver and no other occupants pulled over to the curb. One of the other women approached the pickup. The pickup left but returned thirty seconds later, and defendant and one of her companions got in. When it left again, the officer followed. After about three blocks, the officer observed the women turn in his direction. The pickup stopped, and the women jumped out and hid behind a fence. The officer arrested them. He testified that, at the time of arrest, defendant "concurred" with her companion's statement that the pickup truck driver was a "stupid hick" who "was told to watch out for the police."

■     Defendant argues that the trial court erred in denying her motion for judgment of acquittal, because the evidence was insufficient to prove her guilt beyond a reasonable doubt. The test is whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact" could have found the essential elements of loitering to solicit

[1] Portland City Code 14.24.050(b) provides:

"It is unlawful for any person to loiter in or near any street or public place in a manner and under circumstances manifesting the purpose of inducing, enticing, soliciting, or procuring another to commit an act of prostitution. Among the circumstances which may be considered in determining whether such purpose is manifested are that the person repeatedly beckons to, stops or attempts to stop, or engages in conversation, male passersby, or repeatedly stops or attempts to stop motor vehicle operators by hailing them or gesturing to them."

prostitution beyond a reasonable doubt. *See State v. Harris,* 288 Or 703, 721, 609 P2d 798 (1980), *quoting Jackson v. Virginia,* 443 US 307, 319, 99 S Ct 2781, 61 LEd 2d 560 (1979). Defendant relies on *State v. Brown,* 31 Or App 501, 570 P2d 1001 (1977), and *City of Portland v. Miller,* 62 Or App 145, 659 P2d 980 (1983).

■    In neither of those cases did the defendant admit that she was a prostitute. In that respect, this case is more like *State ex rel Juv. Dept. v. D.,* 27 Or App 861, 557 P2d 687 (1976), *rev den* 278 Or 1, *appeal dismissed* 434 US 914 (1977), in which we held that the defendant's activity, taken together with an admission, afforded a sufficient basis for a trier of fact to find beyond a reasonable doubt that the ordinance had been violated. Similarly, we conclude that defendant's conduct, when taken together with defendant's previous admission that she was a prostitute, constituted sufficient evidence to justify the trial court's denial of her motion.

■    In defendant's second assignment of error, she contends that the trial court should have granted her motion in arrest of judgment, because the ordinance is unconstitutionally vague under Article I, sections 20 and 21, of the Oregon Constitution. A criminal statute violates sections 20 and 21 if it is so vague that it would allow a judge or jury unbridled discretion to decide what conduct is prohibited. It need not define an offense so precisely that, in every case, a person can determine the specific conduct that will fall within reach of the statute, but a reasonable degree of certainty is required. *State v. Graves,* 299 Or 189, 195, 700 P2d 244 (1985). Defendant argues that the phrase "loiter * * * in a manner and under circumstances manifesting the purpose of * * * soliciting * * * prostitution" does not meet the required standard of certainty.

■    In *State ex rel Juv. Dept. v. D., supra,* 27 Or App at 866, we upheld the constitutionality of the ordinance against a void-for-vagueness federal constitutional attack, because the described activity (loitering) was circumscribed by reference to specific or nonvague conduct "in a manner manifesting the purpose of soliciting prostitution."[2] For the same reason, we

---

[2] Although we did not cite the Oregon Constitution in *State ex rel Juv. Dept. v. D.,* we did rely on *City of Portland v. James,* 251 Or 8, 444 P2d 554 (1968), which cited Article I, sections 9 and 10, as well as the Fourth and Fourteenth Amendments.

conclude that a person can determine the specific conduct that will fall within reach of the ordinance with reasonable certainty and that the ordinance is not unconstitutionally vague under Article I, sections 20 and 21.

Affirmed.