On appellant's petition for reconsideration filed October 10, 1989, reconsideration allowed and former opinion (98 Or App 341, 779 P2d 192) adhered to January 31, 1990

CITY OF PORTLAND,
*Respondent,*

*v.*

LEVI,
*Appellant.*

(DA360279; CA A50617)

786 P2d 196

Garrett A. Richardson, Portland, for petition.

Before Richardson, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendant petitions for review of our decision, 98 Or App 341, 779 P2d 192 (1989), which we treat as a petition for reconsideration. ORAP 9.15. She contends that we erred in determining that the Portland ordinance that she violated is not vague, in violation of Article I, sections 20 and 21, of the Oregon Constitution. We deny reconsideration of that holding.

She also contends that we erred by upholding the trial court's denial of her motion for judgment of acquittal. She argues that we relied on evidence which the trial court did not admit at trial. We said:

> "In the past, defendant had admitted to the [arresting] officer that she was a prostitute.
>
> "* * * * *
>
> "[W]e conclude that defendant's conduct, when taken together with defendant's previous admission that she was a prostitute, constituted sufficient evidence to justify the trial court's denial of her motion." 98 Or App at 343-44.

We allow reconsideration and adhere to our previous opinion.

Defendant waived trial by jury and was tried by the court. She moved, before trial, to suppress certain evidence and agreed that the evidentiary record on the motion to suppress would be part of the trial record. The arresting officer was the only witness. Reference to the officer's previous contacts with defendant as a prostitute occurred three times. During direct testimony, he was asked:

> "Prosecutor:   Did you have an initial encounter with the defendant?
>
> "Witness:   Yeah, originally we, stopped and we confronted the three, actually there were three people, and we confronted them and they said they'd go home.
>
> "Prosecutor:   Well, why did you contact them? At that time?
>
> "Witness:   We knew them to be prostitutes.
>
> "Defendant's Counsel:   Motion to strike, your honor.
>
> "Judge:   Sustained."

Shortly afterwards, the witness testified that he approached

the three women because they were in a "high vice area." The prosecutor then asked:

"And was there any other reason that drew your attention to them?

"Witness: Yes, both [defendant] and one of her companions were known to me, had admitted to me in the past that she was a prostitute."

Defendant objected on the ground that the statement was not relevant. The objection was overruled.

After a few more questions to the officer, he was excused and the parties argued the motion to suppress. The court denied the motion and then asked if the state had any further evidence on the merits of the charge. The officer was recalled as a witness, and the prosecutor inquired if he had asked defendant if she was working as a prostitute. He responded:

"Well, I mean I had on many different occasions talked to both [defendant] and her companion and on many occasions they had, we had discussed what they were doing out there and I had told them to go home or, in effect, that they would be arrested for loitering to solicit. So, I didn't think that I had to go through that conversation again at that point."

Defendant moved to strike the testimony as evidence of "prior bad acts." The court ruled:

"The question is whether it becomes part of the substantive case. As far as the substantive evidence, I appreciate and accept that the officer's experience with this particular defendant gave him a certain state of mind and belief, but I won't receive it for any other purpose than that."

Because the trial court specifically and unconditionally overruled defendant's second objection and because of the absence of any statement by the court that it was changing that ruling to limit the use of the testimony, the conclusion can reasonably be drawn that the court did not restrict its use. The third objection was directed only at the testimony immediately preceding it. We will not presume that the court's third ruling was directed at any testimony other than that immediately preceding the third objection. It was incumbent on defendant to make the record clear that the court was limiting the admission of the evidence preceding the second objection,

if that was what the court was doing. *See Goodson v. General Telephone,* 49 Or App 605, 620 P2d 926 (1980).[1]

Petition for reconsideration allowed; former opinion adhered to.

---

[1] In *Goodson,* we said:

"Defendant contends that the proper motion was made and that the trial court *implicitly* denied it by later reading the allegation to the jury. We conclude, however, that the claim was not preserved. In *Shields v. Campbell,* 277 Or 71, 77-78, 559 P2d 1375 (1977), our Supreme Court stated:

" '* * * A party owes the trial court the obligation of a sound, clear and articulate motion, objection or exception, so as to permit the trial judge a chance to consider the legal contention or to correct an error already made. [Citations omitted.] The reason for such a rule is not merely to promote form over substance but to promote an efficient administration of justice and the saving of judicial time.'

"On the strength of the record before us, we cannot say that the trial court's subsequent instruction which included the claim for damages from Coumadin therapy amounts to a denial of defendant's motion. There was no discussion of the matter and it is unclear whether the court's attention was ever focused on defendant's precise contention. In the absence of a specific ruling, we believe it was incumbent on defendant to have excepted to the court's jury instruction or otherwise brought the matter to the trial judge's attention." 49 Or App at 611. (Emphasis in original.)