## CITY OF PORTLAND,
*Respondent,*

*v.*

## Lisa Michelle DESKINS,
*Appellant.*

(DA393461-8905; CA A62396)

802 P2d 687

Garrett A. Richardson, Portland, argued the cause and filed the brief for appellant.

Kate Waldo, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and Riggs and Edmonds, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

Defendant appeals her conviction for loitering to solicit prostitution. Portland City Code 14.24.050. We affirm.

■ Defendant argues, first, that the trial court erred in overruling her demurrer to the complaint on the ground that Portland City Code 14.24.050 has been preempted by state statute. We recently answered that argument adversely to her position in *City of Portland v. Potts,* 103 Or App 548, 799 P2d 168 (1990).[1]

■ In her second assignment of error, defendant asserts that the trial court should have granted her demurrer on the ground that the ordinance is vague in violation of Article I, sections 20 and 21, of the Oregon Constitution. That argument, too, has been rejected. *City of Portland v. Levi,* 98 Or App 341, 779 P2d 192 (1989), *on reconsideration* 100 Or App 349, 786 P2d 196, *rev den* 309 Or 645 (1990).

■ Defendant next argues that the trial court erred in denying her motion for judgment of acquittal. She relies on our decision in *City of Portland v. Miller,* 62 Or App 145, 659 P2d 980 (1983), in which we concluded that the city had failed to prove a specific intent to solicit prostitution. *Miller* is distinguishable. Here, the arresting officer was in plain clothes in an unmarked car in what he described as a "high vice area." He saw defendant come out of a store. He looked at her, and she looked at him and pointed to herself. The officer nodded his head "Yes," and defendant ran back into the store and returned with her purse. She got into the officer's car and asked him what he was looking for. When he started to answer, defendant said, "Wait a minute. You're a policeman. You arrested me before." When the officer denied that he was a policeman, defendant told him to expose himself to prove that he was not a policeman. The officer refused. Defendant was leaving the car when another woman came out of the store and told defendant not to go with the officer, because he was a policeman. The officer again said that he was not a policeman, and defendant again told him to prove it by "showing" himself

---

[1] Defendant did not raise the argument below that the ordinance is inconsistent with state law, because it applies only if the person solicited is not married to the actor, and state law does not contain such an element. As in *Potts,* we will not address the argument, raised for the first time on appeal.

then and there. The officer again declined, and defendant said, "Not today. Get your butt out of here, man." The officer left but came back to a place from where he could watch the corner where he had first seen defendant. He saw her make contact with at least three other cars. He then arrested her.

In *City of Portland v. Miller, supra,* we stated that "it is not a violation of the law merely to look like a prostitute might." 62 Or App at 149. However, defendant did more than look like a prostitute; she also acted like one. There was sufficient evidence that she had violated the ordinance.

Defendant's remaining assignments of error do not warrant discussion.

Affirmed.