Argued and submitted June 27, affirmed September 18, petition for review denied December 3, 1996 (324 Or 464)

# STATE OF OREGON,
*Respondent,*

*v.*

# TIMOTHY EDWARD CROWE,
*Appellant.*

(9411-48048; CA A89994)

923 P2d 1338

Eric M. Cumfer, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Eleanor E. Wallace, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

After a jury trial, defendant was convicted of trespass in the second degree. ORS 164.245(1). He appeals, assigning as error the court's denial of his motion for judgment of acquittal. We affirm.

In reviewing the denial of a motion for acquittal, we examine the evidence in the light most favorable to the state, resolving all conflicts in its favor. *State v. Krummacher*, 269 Or 125, 523 P2d 1009 (1974). Defendant was asked by a park officer of the Pioneer Courthouse Square in Portland to leave a public restroom stall that was designated for handicapped persons. Defendant was not handicapped and was not using the stall for its intended purpose, but rather was occupying the stall to fill out application forms for a reduced public transit fare because he is on partial social security disability. The park officer repeatedly asked defendant to leave, because a handicapped person needed to use the stall. Defendant refused to comply with the officer's requests. Eventually, the park officer forcefully entered the stall, whereupon defendant pulled down his pants and sat on the toilet. A few moments later, defendant left the stall, and the officer escorted him to his office. The officer issued defendant a written order pursuant to the Portland City Code excluding him from Pioneer Courthouse Square for 30 days. Defendant did not appeal the order[1] but returned to the Square the same day, where he was arrested and charged with trespass in the second degree.[2]

The conduct for which defendant was issued an exclusion order is prohibited by Portland City Code section 20.12.240:

---

[1] The Portland City Code provides a process for appealing such an order.

[2] ORS 164.245(1) provides:

"A person commits the crime of criminal trespass in the second degree if the person enters or remains unlawfully in or upon premises."

ORS 164.205 provides, in part:

"(3) 'Enter or remain unlawfully' means:

"* * * * *

"(b) To fail to leave premises that are open to the public after being lawfully directed to do so by the person in charge."

"No person shall violate any rule or regulation established under the authority of Section 20.04.050, *nor refuse a request to obey any reasonable direction of the park officers* or employees or officers of the Bureau of Police. For purposes of this Section, 'park officer or employees' includes any person authorized by Section 20.12.265 to issue park exclusions." (Emphasis supplied.)

PCC Section 20.12.265 provides:

"In addition to other measures provided for violation of this Code, or any of the laws of the State of Oregon, any * * * park official or employee, employee of any nonprofit corporation with which the City has a park management agreement * * * or any individual providing security services under contract with such a nonprofit corporation may exclude any person who violates any provision of this Code * * * for a period of not more than 30 days."

The ordinance also provides for a right of appeal of an exclusion order, a process defendant did not pursue.

At trial, defendant moved for a judgment of acquittal after the state presented its case-in-chief. In support of his motion, defendant argued that the offense of trespass in the second degree requires a lawful order to leave and that the order in this case was unlawful because it was based on an unconstitutionally vague ordinance granting the police "unbridled discretion to order people to leave public places." The trial court denied defendant's motion.

■　　On appeal, defendant bases his constitutional challenge that the ordinance is vague on Article I, section 20, of the Oregon Constitution and the Fourteenth Amendment of the United States Constitution. The analysis under the Oregon and the federal constitutions is similar. *State v. Robertson*, 293 Or 402, 409, 649 P2d 569 (1982). In *State v. Vasey*, 80 Or App 765, 767-68, 723 P2d 1068, *rev den* 302 Or 299 (1986), we discussed when a statute is unconstitutionally vague. We stated:

"The flaw of a vaguely worded criminal statute is that, by imprecisely defining criminal conduct the legislature impermissibly delegates to the police, judges and juries the power to decide whether conduct is punishable and invites unequal application of the penal laws. Vague statutes also

fail adequately to apprise ordinary persons of what conduct is proscribed." *Id. citing State v. Robertson,* 293 Or 402, 408-09, 649 P2d 569 (1982).

Nonetheless, a statute or ordinance need not define an offense so precisely that a person can determine "the specific conduct that will fall within reach of the statute, but a reasonable degree of certainty is required." *City of Portland v. Levi,* 98 Or App 341, 344, 779 P2d 192 (1989), *rev den* 309 Or 645 (1990).

■ We have a serious question about whether defendant can raise a constitutional challenge to the trial court without first exhausting his appeal rights under the city ordinances. Nonetheless, assuming without deciding that defendant can raise the issue without pursuing his administrative appeal, we disagree with his argument that the ordinance is unconstitutionally vague. The ordinance provides the flexibility needed to address a variety of situations that could arise in an urban park setting. Most importantly, it requires that the direction in question be "reasonable." Such language suffices because it enables an ordinary person to determine objectively what conduct is permissible within the park in light of the surrounding circumstances and the use of the park facilities. Similarly, the Supreme Court considered in *State v. Moyle,* 299 Or 691, 705 P2d 740 (1985), whether a statute that prohibited certain written or telephonic threats that "reasonably would be expected to cause alarm" was impermissibly vague. The court concluded that it was not because "reasonableness" imposes an objective standard. *See also State v. Chakerian,* 135 Or App 368, 379, 900 P2d 511, *rev allowed* 322 Or 228 (1995) (holding that a statute prohibiting conduct causing a great risk of "public alarm" was not unconstitutionally vague because it imposed a "collective and communal" standard). The same analysis applies here. We conclude that the ordinance does not grant unbridled discretion to an officer because it requires the officer's discretion to be "reasonable" and, therefore, it is not unconstitutionally vague.

Affirmed.